# IN THE UNITED STATES DISTRICT COURT
# FOR THE WESTERN DISTRICT OF NORTH CAROLINA
# CHARLOTTE DIVISION

| | |
|---|---|
| PHYLLIS L. NEELY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | CIVIL NO. 3:06CV89 |
| ) | |
| JO ANNE B. BARNHART, ) | |
| Commissioner of Social Security, ) | |
| ) | |
| Defendant. ) | |

## ORDER

The United States of America has moved this Court, pursuant to sentence four of 42 U.S.C. §405(g), to enter a judgment reversing the defendant Commissioner's decision with a remand of the cause to the defendant Commissioner for further administrative proceedings.

On remand to the Commissioner, the case will be assigned to a new administrative law judge (ALJ) who will hold a hearing and issue a new decision. In evaluating the record, the ALJ will consider Plaintiff's statements that she was unable to afford medication and treatment and the manipulative limitations assessed by the state agency physicians. If the ALJ makes a residual functional capacity (RFC) finding, the ALJ will provide an appropriate rationale for the RFC finding with citations to supporting evidence in the record. If necessary, the ALJ will obtain vocational expert testimony. If the ALJ makes a finding at step five of the sequential evaluation process based on transferability of skills, the ALJ will obtain vocational evidence as to the specific transferrable skills and the jobs to which such skills would transfer. The ALJ will include findings in his decision as to the specific transferrable skills and the significant number of jobs in the national economy to which such skills would transfer, pursuant to Social Security Ruling 82-41.

Pursuant to the power of this Court to enter a judgment affirming, modifying or reversing the Commissioner's decision with remand in Social Security actions under sentence four of 42 U.S.C. §405(g), and in light of the Commissioner's assented to request to remand this action for further proceedings, this Court hereby:

**REVERSES** the Commissioner's decision under sentence four of 42 U.S.C. § 405(g) with a remand of the cause to the Commissioner for further proceedings. *See Melkonyan v. Sullivan*, 111 S. Ct. 2157(1991). The Clerk of the Court will enter a separate judgment pursuant to Rule 58 of the Federal Rules of Civil Procedure. As there remains no justiciable dispute pending between the parties, upon the Clerk's entry of judgment, the Court's jurisdiction over this case shall terminate except for purposes of consideration and determination of motions for attorneys fees, including any motion for such fees under the Equal Access to Justice Act (EAJA). Plaintiff shall have thirty (30) days from final judgment in which to file any motion for attorneys fees under EAJA in this matter.

This the 30 day of July, 2006.

ROBERT J. CONRAD, JR.
UNITED STATES DISTRICT JUDGE